UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61470-CIV-COHN/SELTZER

STEPHEN A. KARAKIS,

       Plaintiff,

vs.


FOREVA JENS INC., a Florida
corporation, d/b/a GINGER BAY
CAFE, and ZAHARA HALPREN
RESIDUARY TRUST and ARON
HALPERN, and/or SARAH N. BAXT,
CO-TRUSTEE, et al.,

       Defendants.

_____/

<u>ORDER ON VARIOUS MOTIONS FOR SANCTIONS AND TO COMPEL
AND MOTIONS FOR SANCTIONS AND TO STRIKE EXPERT WITNESS</u>

THIS CAUSE is before the Court on two Motions for Sanctions and to Strike

Defendant's Expert Witness (DE 23 and 24) filed by Plaintiff and six Motions for Sanctions

and to Compel Depositions (DE 19, 21, 31, 32, 33, and 34) also filed by Plaintiff.[1]

Defendants have responded to the Motions, but Plaintiff has not filed a reply to any of the

Responses.

This is an action under the Americans with Disabilities Act. Plaintiff Stephen A.

_____

[1] Plaintiff also filed two additional Motions for Sanctions and to Compel Depositions
(DE 20 and 22), but he subsequently filed Notices "striking" these motions (DE 25 and 26).
Both motions, however, still appear as pending on the docket.  Accordingly, Plaintiff's
Motion for Sanctions and to Compel the Deposition of Defendant's Corporate
Representative, Treasurer of Foreva Jens, Inc. (DE 20) and   Plaintiff's Motion for
Sanctions and to Compel the Deposition of Defendant, Zahava Halpern Residuary Trust's
Treasurer (DE 22) are DENIED as moot.

Karakis, an individual with a disability, alleges that he has been discriminated against due to architectural barriers at Defendant Foreva Jens Inc.'s restaurant, the Ginger Bay Cafe, located in Hollywood, Florida.  Plaintiff additionally identifies Defendants Zahava Halpern Residuary Trust, Aron Halpern, Co-Trustee, and Sarah Baxt, Co-Trustee, as the owners and lessors of the real property where the restaurant is located.

Plaintiff has served on Defendants' counsel eight Notices of Depositions; Plaintiff's counsel set the dates for all these depositions without first consulting with Defendants' counsel.  When none of the eight deponents appeared for deposition (or moved for a protective order), Plaintiff filed the instant Motions for Sanctions and to Compel, the resolution of which turns primarily on the status of the persons to be examined.

Only a party to the litigation may be compelled to give deposition testimony pursuant to a notice of deposition.  If the party is a corporation, it may be noticed pursuant to Federal Rule of Procedure 30(b)(6), in which case the corporation must designate an individual to  testify as the corporate representative.  Alternatively, the party seeking a corporate deposition may identify a specific officer, director, or managing agent to be deposed and notice that individual under Federal Rule of Civil Procedure 30(b)(1).  A corporate employee who does not qualify as an officer, director, or managing agent is not subject to deposition by notice.  Rather, the employee is treated as any other non-party; before being compelled to testify, he or she must be served with a subpoena pursuant to Federal Rule of Civil Procedure 45.  Schindler Elevator Corp. v. Otis Elevator Co., No. 06 Civ. 5377(CM)(THK), 2007 WL 1771509, at *2 (S.D.N.Y June 18, 2007); EEOC v. Honda of America Mfg., Inc., No. 2:06-cv-0233, 2007 WL 682088, at *2 (S.D. Ohio Feb. 28, 2007);

McMahon v. Presidential Airways, Inc., No. 6:05-cv-1002-Orl-28JGG, 2006 WL 5359797, at *1 (M.D. Fla. Jan. 18, 2006); Cleveland v. Palmby, 75 F.R.D. 654, 656 (W.D. Okla. 1977); 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure: Civil 2d §2107 (2d ed.1994).  The party seeking to take the deposition bears the burden of establishing the capacity of the person sought to be examined.  Schindler, 2007 WL 1771509, at *3; Honda of America, 2007 WL 682088, at *2; Boss Mfg. Co v. Hugo Boss AG, No. 97CIV.8495(SHS)(MHD), 1999 WL 20828, at *4 (S.D.N.Y. Jan. 13, 1999); Palmby, 75 F.R.D. at 656.

The parties herein have requested that the court award sanctions against the opposing party.  Plaintiff has not identified the authority under which he seeks sanctions.  However, under Federal Rule of Civil Procedure 37(d)(1)(A)(i), if "a party or a party's officer, director or managing agent . . . fails, after being served with proper notice, to appear before for that person's deposition" the Court may impose sanctions against the non-appearing party.  In such instances, in addition to other discretionary types of sanctions (identified in Rule 37(b)(2)(A)(i)-(iv)), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."   Fed. R. Civ. P. 37(d)(3).

Defendants seek sanctions under Rule 37(a)(5)(B), which provides that where a court denies a motion to compel discovery, it "must, after an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including

3

attorney's fees" unless the motion was "substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).

      1.   <u>Unnamed Expert Witnesses</u>

Plaintiff unilaterally noticed the depositions of unnamed expert witnesses of Defendant Foreva Jens and Defendant Zahava Halpern Residuary Trust; the notices were served on Defendants' counsel.  Neither expert witness appeared at the deposition. Plaintiff now moves for an order prohibiting Defendants' expert witnesses from testifying at trial and requests that the Court award him costs, attorney's fees, and court reporter fees.

The Court first notes that Plaintiff's attempt to depose these expert witnesses was premature.  Federal Rule of Civil Procedure 26(b)(4)(A) provides:  "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert [as here], <u>the deposition may be conducted only after the report is provided.</u>"  F.R. Civ. P. 26(b)(4)(A) (emphasis added). Similarly, Local Rule 26.1.F.1 (quoted by Plaintiff in the instant motions) provides: "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. <u>The deposition shall not be conducted until after the expert summary or report required by Local Rule 16.1.K. is provided.</u>"  S.D. Fla. L.R. 26.1.F.1.b (emphasis added).  In their initial disclosures, Defendants identified their expert witnesses; however, they have not yet furnished the experts' reports to Plaintiff.  Until Defendants have done so, Plaintiff may not take these depositions.

More importantly, Plaintiff has not alleged, much less demonstrated, that these

unnamed expert witnesses are parties or officers, directors, or managing agents of a party. Therefore, unless the witnesses had consented to appear, Plaintiff was required to have served a subpoena on them and tendered to each a witness fee for one day's attendance and the mileage allowed by law.  Fed. R. Civ. P. 45(b).[2]  Moreover, Plaintiff's counsel was aware at the time he served these notices that he was required to serve a subpoena on the expert witnesses and tender to each a witness fee.  In another recent case in this District, the same counsel that represents Plaintiff here set the deposition of a party's expert witness by sending the notice to the defendant's counsel.  When the expert did not appear for the deposition, Plaintiff's counsel moved the court to prohibit the defendant's expert from testifying at trial and for other sanctions (as here).  The district judge denied the motion because the non-party expert witness had not been "served with a subpoena and was not paid the expert witness fee prior to the deposition . . . as required by the Federal Rules."  Order at 3 (DE 71), <u>Stephen Karakis v. Mangostine, Inc.</u>, No. 08-60655 (S.D. Fla. Oct. 9, 2008).[3]  Accordingly, Plaintiff's Motions for Sanctions and to Strike Defendant's Expert Witnesses (DE 23 and 24) are DENIED.  The Court has seriously considered imposing sanctions against Plaintiff's counsel for filing these meritless motions. However, Rule 37(a)(5)(B) does not appear to apply as Plaintiff has not moved to compel

---

[2]  In addition, Federal Rule of Civil Procedure 26(b)(4)(C)(i) provides: "Unless manifest injustice would result, the court must require that the party seeking discovery . . . . pay the expert a reasonable fee for time spent in responding to discovery. . . ."

[3]  The district judge entered her order on October 9, 2008.  Notwithstanding this Order, one month later – on November 10, 2008 – Plaintiff noticed the depositions of the expert witnesses in this case, again without serving subpoenas or tendering witness fees.

these depositions.[4]

2.    Sarah N. Baxt and Aron Halpern

The Complaint names "Sarah Baxt, Co-Trustee" [5] and "Aron Halpern, Co-Trustee"

as defendants.  The record does not reflect that a summons has been issued in Sarah

Baxt's name, and Defendant represents that she has not been served with a subpoena.

Indeed, Defendant's counsel repeatedly made this lack of service known to Plaintiff's

counsel, as well as the fact that Defendant's counsel did not represent Baxt.  See October

5, 2008, December 1, 2008, and December 5th, 2008 e-mails from Defendant's counsel

to Plaintiff's counsel, Ex. 2, 3, and 4 (DE 35).  Plaintiff has not disputed that he failed to

service process on Baxt.  An individual is not a party to a lawsuit, until such time as she

is served with process.  See Saucier v. Katz, 533 U.S. 194, 211 n.1 (2001) (Ginsburg, J.,

concurring) ("Though named as a defendant, Parker was never served with the complaint,

and therefore did not become a party to this litigation."); Loman Dev. Co., Inc. v. Daytona

Hotel and Motel Suppliers, Inc., 817 F.2d 1533, 1536 (11th Cir. 1987) (noting that those

---

[4] Courts, however, always have the inherent power to control the proceedings and conduct of the parties and counsel involved.  The Supreme Court has stated that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).  "Before a court can impose sanctions on an attorney under its inherent powers, it must make a finding of bad faith." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1251 (11th Cir. 2007) (quoting Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 918 (11th Cir. 1982)).  Given that Plaintiff's attorney noticed these depositions and filed these motions a mere month after the district judge's order alerted him that he must subpoena an expert witness and tender a witness fee, Plaintiff's counsel had to have known that the instant motions were without merit.  However, the record is not sufficiently developed for the Court to find that his conduct rises to the level of "bad faith."

[5] According to Defendants, Sarah Baxt is an elderly lady living in retirement in the state of New York.

defendants not yet served with process were not parties to the litigation).  Moreover, absent valid service of process (or waiver thereof), a court does not have personal jurisdiction over the unserved individual (or entity).  See Attaway v. LaSalle Nat'l Bank, 607 F.2d 1157, 1159 (5th Cir. 1979) ("It is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process.").  Defendant argues that as a non-party Sarah Baxt cannot be compelled to appear for deposition on a mere notice; a subpoena is required.

Aron Halpern was served with process only in his representative capacity as a co-trustee of the Zahava Halpern Residuary Trust.  Defendant argues that because Aron Halpern was not served with process as an individual he is a non-party, and, therefore, he cannot be compelled to appear for deposition absent a subpoena.

Defendant's arguments are correct if Baxt and Halpern in their individual capacity were simply provided notices of depositions.  The deposition notices here were addressed to "Sarah Baxt, Co-Trustee of Zahara Halpren Residuary Trust" and "Aron Halpern, Co-Trustee of Halpern Zahara Residuary Trust [sic]".  Defendant's argument, therefore, begs the question of whether Defendant Zahava Halpren Residuary Trust was required to produce Baxt and Halpren as representatives of the Trust.  Neither party has addressed the issue, and the Court's research has not found any case or other authority addressing whether a defendant trust is required to produce a trustee for deposition (on mere notice) if the trustee qualifies as a managing agent. However, in Nat'l Council on Compensation Ins. Inc. v. Am. Int'l Group, Inc., No. 07 C 2898, 2007 WL 436571, at *8 (N.D. Ill. Dec. 11, 2007), the court ruled that the plaintiff could depose by notice alone –  no subpoena

7

required – the managing agent of an unincorporated association (an insurance pool).  The court noted that "the managing agent concept applies both to "a corporation or other organization that is a party to the suit."  Id. (quoting Wright, Miller & Marcus, Federal Practice and Procedure; Civil 2d § 2103 at 37 (2007)).  Nonetheless, Plaintiff has failed to demonstrate that either Sarah Baxt or Aron Halpren is a managing agent of the Trust. Accordingly, Plaintiff's Motion for Sanctions and to Compel the Deposition of Defendant's Corporate Representative, Sarah N. Baxt, Co-Trustee (DE 31) and Plaintiff's Motion to Compel the Deposition of Defendant's Corporate Representative, Aron Halpren, Co-Trustee (DE 21) are DENIED.  The Court additionally declines to award sanctions to the Defendant Trust as it is not clear that a subpoena was required for these witnesses.

3.    Stuart Baxt

Stuart Baxt, a resident of New York, is not a party.  Although the title of Plaintiff's Motion refers to him as a "corporate representative," Plaintiff has not alleged nor demonstrated that Baxt is a managing agent of the Trust.  Therefore, as a non-party, (Stuart) Baxt may not be compelled to appear for deposition on mere notice; rather, he must be subpoenaed unless he voluntarily agrees to appear.

Defendants have informed Plaintiff that Stuart Baxt was the person with the most knowledge of the interest of the Trust and that the Trust would make him available, if needed, in New York or by telephone.  Instead of seeking a mutually agreeable date, Plaintiff's counsel unilaterally noticed Baxt's deposition for December 9, 2008, in the Aventura, Florida office of Plaintiff's counsel.  As soon as Defendants' counsel returned from the Thanksgiving holiday on December 1, 2008, he informed Plaintiff's counsel that

he had a conflict on the scheduled deposition date.  Plaintiff's counsel made no effort to reschedule the deposition for a mutually convenient date; instead he filed the instant motion, requesting that the Court impose sanctions against Defendant Zahava Halpren Residuary Trust and to compel Baxt to appear for deposition.  Although Defendant had agreed to make Baxt available for deposition, it only had agreed to do so in New York or by telephone.  Plaintiff, nonetheless, noticed the deposition in Florida.

The Court finds that Plaintiff was required to serve Stuart Baxt with a subpoena; Plaintiff failed to do so.  Accordingly, Plaintiff's Motion for Sanctions and to Compel the Deposition of Defendant's Corporate Representative, Stuart Baxt (DE 32) is DENIED. Because Plaintiff did not file a Reply explaining why he failed either to notice the deposition for New York (or by telephone) or, alternatively, to subpoena Baxt, the Court cannot find that the filing of this Motion was substantially justified or that the circumstances make an award of sanctions unjust.  Under Rule 37(a)(5)(B), therefore, the Court is required to award sanctions.[6]  Accordingly, it is ORDERED that within thirty (30) days of the date of this Order Plaintiff's attorney (not Plaintiff) shall pay to Defendant Zahava Halpren Residuary Trust $200 for attorney's fees incurred in responding to the Motion.

4.    <u>Noel Jones</u>

Noel Jones is not a party, and, according to Defendant Foreva Jens, Inc., he is not an officer, director, or managing agent of the corporate party.  Plaintiff has not alleged otherwise, and he has failed to refute Defendant's statement.  Therefore, Jones cannot be

---

[6]  As an alternate ground, sanctions are warranted against Plaintiff's counsel for violation of Local Rule 7.1.A.3; he failed to make a good faith effort to confer with opposing counsel before filing the motion.  <u>See</u> discussion, <u>infra</u>, at 15-16.

compelled to attend a deposition by notice to Defendant's counsel; Plaintiff was required to subpoena Jones.  See Faro Techs. Inc. v. Romer, Inc., No. 06-cv-13, 2007 WL 496615, at *3 (M.D. Fla. Feb. 12, 2007) ("A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice.") (quoting JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. and Trade Servs, Inc., 220 F.R.D. 235, 238 (S.D.N.Y. 2004)).   Plaintiff's attorney was aware at the time he noticed this deposition that he was required to subpoena a non-party.   As noted, supra, at 5, he represented the same plaintiff in another case in which he filed five Motions for Sanctions and to Compel after the witnesses failed to appear for depositions that had been set by serving notice on the defendant's counsel.   The district judge made clear that the deposition notices were improper because the witnesses were neither parties nor corporate officers, directors, or managing agents.  October 9, 2008 Order at 1-2 (DE 71). Moreover, in this case, Defendant's counsel specifically informed Plaintiff's counsel before the scheduled deposition date that Jones must be subpoenaed to appear.  See December 5 e-mail from Defendant's counsel to Plaintiff's counsel, Ex. 1 (DE 37).   Accordingly, Plaintiff's Motion for Sanctions and to Compel the Deposition of Defendant's Corporate Representative, Noel Jones (DE 33) is DENIED.  Because Plaintiff did not file a Reply, the Court cannot find that the filing of this Motion was substantially justified or that the circumstances make an award of sanctions unjust.  Under Rule 37(a)(5)(B), therefore, the Court is required to award sanctions.[7]  Accordingly, it is ORDERED that within thirty (30)

---

[7]  As an alternate ground, sanctions are warranted against Plaintiff's counsel for violation of Local Rule 7.1.A.3; he failed to make a good faith effort to confer with opposing counsel before filing the motion.  See discussion, infra, at 15-16.

days of the date of this Order Plaintiff's attorney (not Plaintiff) shall pay to Foreva Jens, Inc. $200 for attorney's fees incurred in responding to the Motion.

     5.   <u>Sharon Jones</u>

     According to Defendant, Sharon Jones is a managing agent of Foreva Jens. Defendant states that it has repeatedly offered to make Jones available as the corporate representative with the most knowledge of the issues in this case.  Instead of conferring with Defendant's counsel to ascertain a date mutually convenient to Jones, all parties, and their counsel, Plaintiff unilaterally set the deposition for December 9, 2008, by noticing Defendant's counsel.  On December 1, 2008, after returning from the Thanksgiving holiday, Defendant's counsel notified Plaintiff's counsel by e-mail that he was not available to attend a deposition on December 9; he was required to attend a previously set deposition in another case.  According to Defendant's counsel, he expected that Plaintiff's counsel would voluntarily re-set the deposition; by e-mails of November 10, 2008, December 1, 2008, and December 5, 2008, Defendant's counsel provided several dates that Jones would be available for deposition (none of which were the date set).  According to Defendant's counsel, he received no response from Plaintiff's counsel.  Plaintiff's counsel's assistant did call him late on the afternoon of Thursday, December 11, 2008, and inquired whether he would oppose unspecified motions for sanctions.  Defendant's counsel initially stated that he would oppose the motions, but he called the assistant back and informed her that he believed both Sharon Jones and Jazmine Jones would be available on Monday, December 15 or Wednesday, December 17, 2008.  The assistant advised him to confirm their availability and indicated that she would confirm those dates

with her employer, Plaintiff's attorney.  Defendant's counsel did promptly confirm those

dates; he then called the assistant's number and twice left voice messages informing her

that both he and Sharon Jones would be available on either date.  Defendant's counsel

received no return call; instead, that night he received the instant Motion, via CM/ECF.

As Defendant has acknowledged that Sharon Jones is a managing agent of Foreva

Jens, Inc., Plaintiff's notice of the deposition served on Defendant's counsel was proper

under Rule 30.   Accordingly, the Motion to Compel the Deposition of Defendant's

Corporate Representative, Sharon Jones (DE 34) is GRANTED.  Plaintiff may reset the

deposition for a date, time, and location mutually convenient to the witness, all parties, and

opposing counsel; Plaintiff's counsel SHALL PERSONALLY CONFER with Defendant's

counsel and make a GOOD FAITH effort to agree on a suitable date and location.

The question of whether sanctions are warranted is a closer question.  Rule

37(d)(3) provides that the where a witness fails to appear for a deposition, the Court must

order the payment of the movant's reasonable expenses in bringing the motions, including

reasonable attorney's fees, "unless the failure was substantially justified or other

circumstances make an award of expenses unjust."  Here, Defendant's counsel had a

legitimate conflict for the date unilaterally set by Plaintiff's counsel, and he communicated

that conflict to Plaintiff's counsel in sufficient time for him to re-schedule the deposition for

a mutually convenient date.  The Court appreciates Defendant's counsel's expectation that

Plaintiff's counsel would reschedule the deposition, as most attorney's do cooperate in

accommodating scheduling conflicts.[8]  See Discovery Practices Handbook, Appendix A to Local Rules, § I.A (2) ("A lawyer shall normally attempt to accommodate the calendars of opposing lawyers in scheduling discovery) and § II.A (1) ("A courteous lawyer is normally expected to accommodate the schedules of opposing lawyers.").  However, when Defendant's counsel did not receive a response from Plaintiff's counsel, he should have filed a motion for protective order, and he failed to do so.  That said, the totality of the circumstances here, including Plaintiff's counsel's disregard of this District's Discovery Practices Handbook, makes an award of expenses to Plaintiff unjust.  Accordingly, the Motion for Sanctions (DE 34) is DENIED.

    6.    Jazmine Jones

    On November 10, 2008, Plaintiff unilaterally set the deposition of Jazmine Jones for November 17, 2008.  The deposition notice was served on Defendant's counsel by fax on November 10, 2008 (less than the five working day notice required by Local Rule 26.I.J.);[9] the mailed notice was received the following day.  Jazmine Jones is not a party, but she is an officer and director of Defendant Foreva Jens, Inc.  The day Defendant's counsel received the faxed notice, he notified Plaintiff's counsel by e-mail that he was required to attend both a court hearing and a previously scheduled deposition on the date

---

[8]  The Court, however, notes that Defendant's counsel's expectation may not have been justified.  Defendant's counsel states that "[t]his is not the first time that Plaintiff's counsel has refused the most basic courtesy described in the Local Rules.  In case #08-60655 undersigned counsel was compelled to seek an emergency protective order when Plaintiff's counsel refused to re-set a deposition due to a [p]re-existing scheduling conflict."  Response at 2 (DE 28).

[9]  The Court notes that Tuesday, November 11, 2008, was not a working day; it was a legal holiday.

set for Jazmine Jones' deposition.  Three days later, Plaintiff's counsel inquired by e-mail of opposing counsel's availability for the deposition, and he was informed by Defendant's counsel that he still had conflicts.  Instead of attempting to reset the deposition for a mutually convenient date, Plaintiff filed the instant Motion for Sanctions without further notice.  As Defendant has acknowledged that Jazmine Jones is an officer and director of Foreva Jens, Inc., a subpoena for her appearance was not required.  Accordingly, the Motion to Compel the Deposition of Defendant's Corporate Representative, Jazmine Jones (DE 19) is GRANTED.  Plaintiff may reset the deposition for a date, time, and location mutually convenient to the witness, all parties, and opposing counsel; Plaintiff's counsel SHALL PERSONALLY CONFER with Defendant's counsel and make a GOOD FAITH effort to agree on a suitable date and location.  The Court, however, finds that sanctions are not warranted because Plaintiff failed to give notice at least five working days before the deposition date.  Unlike the deposition of Sharon Jones, Defendant was not required to file a Motion for Protective Order.  See S.D. Fla. L.R. 26.I.J ("Failure by the party taking the oral deposition to comply with [this rule requiring five days notice] obviates the need for protective order.").  Further, the Court finds that the totality of the circumstances here, including Plaintiff's counsel's disregard of this District's Discovery Practices Handbook, makes an award of expenses unjust.  Accordingly, the Motion for Sanctions (DE 19) is DENIED.

Two other matters need to be addressed.  First, it appears that Plaintiff's counsel's routine practice is to unilaterally schedule depositions, not only in this case, but in others as well.  The Court views with concern the unilateral scheduling of depositions absent the

inability of the parties, after a good faith effort, to agree on mutually convenient dates.  The unilateral setting of depositions (especially coupled with an unwillingness by counsel to reschedule the deposition date) leads to the filing of unnecessary motions, as demonstrated in this case.  Such motions are a waste of the parties' time and money, as well as a waste of scare judicial resources.  Accordingly, it is hereby ORDERED that Plaintiff's counsel shall not unilaterally set any further depositions in this case without leave of court.

Finally, Plaintiff's counsel has failed to comply with Local Rule 7.1.A.3.  This Local Rule provides in pertinent part:

> Prior to filing any motion in a civil case [except for certain motions not applicable here], counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the time of filing the motion, counsel for the moving party shall file with the Clerk of the Court a statement certifying either: (a) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (b) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so.

S.D. Fla. L.R. 7.1.A.3.[10]  Here, for each motion, Plaintiff's counsel merely stated that

---

[10]  Rule 37(a)(1) and Rule 37(d)(1)(B) also impose an obligation on a movant's counsel to confer (or attempt to confer) in good faith with opposing counsel to resolve discovery disputes without court intervention.

"Plaintiff's counsel's office conferred with counsel for Defendants and said counsel opposed the filing of this motion."  According to Defendants, a secretary or assistant of Plaintiff's counsel called Defendant's counsel late one afternoon and inquired whether he opposed unidentified motions for sanctions.  To reiterate, for two of the depositions, Defendant's counsel informed Plaintiff's counsel's assistant that he would make the witnesses available on either of two specified dates.  The assistant agreed to check with Plaintiff's counsel about these dates.  Defendant's counsel then left two voice messages for the assistant confirming that the witnesses would be available either of those dates.  Neither Plaintiff's counsel nor the assistant communicated with Defendant's counsel again.  Instead, that night Plaintiff's counsel filed Motions for Sanctions and to Compel, notwithstanding that the witnesses would be available for deposition within two to four working days.

Merely having an assistant call to check whether opposing counsel objects to a motion, complies with neither the letter or spirit of Local Rule 7.1.A.3.  The Rule requires the movant's COUNSEL to confer (or make a reasonable attempt to confer) – not counsel's secretary – and it requires COUNSEL to make a GOOD FAITH EFFORT TO RESOLVE THE ISSUES raised by the motion – not to merely inquire whether opposing counsel objects to the motion.[11]

---

[11]   This is not the first time that Plaintiff's counsel has violated Local Rule 7.1.A.3. In another recent case, he filed a Motion for Sanctions and to Compel.  The magistrate judge denied that motion without prejudice for non-compliance with the Local Rule, noting that Plaintiff's counsel's "purported effort fails miserably to comply with the spirit or intent of the Local Rule."  Plaintiff's counsel then waited one day and re-filed the same motion. In summarily denying the second motion, the magistrate judge pointed out that Plaintiff's counsel "is not trying in 'good faith' to speak with counsel, he is 'going through the motions'

Local Rule 7.1.A.3 also provides that "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee."  Rather than deny Plaintiff's motions for violation of the Local Rule, the Court has consider them on the merits because of the approaching discovery deadline.  After serious consideration, the Court declines to award further sanctions (other than those noted above) against Plaintiff's counsel.  However, the Court will not hesitate in the future to summarily deny any motion filed by Plaintiff and impose sanctions without his counsel first having conferred PERSONALLY with opposing counsel and making a GOOD FAITH EFFORT TO RESOLVE THE ISSUES raised by the motion.  Plaintiff's counsel shall also include with every motion the required certification in the form set forth in Local Rule 7.1.A.3.

DONE AND ORDERED in Fort Lauderdale, Florida, this 19th day of January 2009.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record

---

before filing his motion for sanctions (and also, by the way, to compel)."  The magistrate judge further stated that "[a]pparently plaintiff's counsel does not appreciate the meaning of the words 'good faith' in Local Rule 7.1.A.3."  See Order at 1-2 (DE 49), Stephen A. Karakis v. Crepes of Aventura, Inc., No. 08-20999-Civ-Martinez/Brown (S.D. Fla. Dec. 9th, 2008).