UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-61470-CIV-COHN/SELTZER

STEVEN A. KARAKIS,

    Plaintiff,

v.

FOREVA JENS, INC., d/b/a Ginger Bay Café,
ZAHAVA HALPERN RESIDUARY TRUST,
ARON HALPERN, Co-Trustee, and SARAH N. BAXT,
Co-Trustee

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM
## ORDER FOR STATUS REPORT REGARDING OTHER DEFENDANTS

THIS CAUSE is before the Court upon the Plaintiff's Motion to Dismiss Defendants Foreva Jens, Inc. and Zahava Halpern Trust's Counterclaim or in the Alternative Motion for Summary Judgment on Counterclaim [DE 13 and 17]. The Court has carefully considered the motion, Defendants' Combined Response [DE 16] and is otherwise fully advised in the matter.

Plaintiff has moved to dismiss Defendants Foreva Jens, Inc. and Zahava Halpern Trust's Counterclaim. The counterclaim at page six of Defendants' Answer and Affirmative Defendants merely seeks attorney's fees due to Plaintiff's alleged frivolously filed civil action. Plaintiff argues that the counterclaim merely seeks a remedy available to a prevailing party and does not state a claim.

In opposition to the motion, Defendant asserts that if Plaintiff is allowed to seek fees under a prevailing party statute, then Defendant should be able to as well. While this may or may not be true under the statute at issue, there is a distinction between an affirmative cause of action and a remedy. Plaintiff has merely added attorney's fees as a remedy for

its claim of disability discrimination under the Americans with Disabilities Act ("ADA"). Defendant can do the same in its answer, but cannot maintain a separate counterclaim on the sole basis of seeking attorney's fees if successful in defending this lawsuit.

This Court concludes that under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Bell Atlantic Corp. v. Twombly, 550 U.S.544 (2007), Defendant has not stated a claim for relief in its counterclaim. The counterclaim shall be dismissed, without prejudice to Defendants later seeking attorney's fees if it prevails in this case and in compliance with applicable precedent.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion to Dismiss Defendants Foreva Jens, Inc. and Zahava Halpern Trust's Counterclaim [DE 13] is hereby **GRANTED**;

2. The Counterclaim is hereby **DISMISSED**, without prejudice, as it merely seeks a remedy and does not state a cause of action;

3. Plaintiff's Alternative Motion for Summary Judgment on Counterclaim [DE 17] is hereby **DENIED**;

4. Plaintiff shall file a status report by February 20, 2009 regarding service upon Defendant Sarah Baxt and the status of the case as to Defendant Aron Halpern.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of February, 2009.

*James I. Cohn*
JAMES I. COHN
United States District Judge

copies to:
counsel of record on CM/ECF